All right. Good morning, Mr. Pugh. You reserve two minutes for rebuttal, and you can begin whenever you're ready. Thank you, Your Honors. May it please the Court, my name is Justin Pugh. I represent the appellant, Anthony Whyte. The Speedy Trial Act and this Court's precedents require the District Courts to state affirmatively and specifically the basis for exclusions of time from the Speedy Trial Clock. This Court has also cautioned the District Courts that they should state the basis for exclusions at the time a continuance is granted. The District Court below failed in these directives on multiple occasions. Is there a reason you didn't make a Speedy Trial challenge before trial? I'm sorry, Your Honor? Am I correct in that you didn't make a Speedy Trial challenge before trial? Is that right? Mr. Whyte moved to dismiss the indictment prior to trial on March 8th, March 18th, rather, 2021, raising both the Sixth Amendment and the Speedy Trial Act as basis for that. On the issue of whether he raised this, and I know you weren't aware below, but this is the motion, and in bold at the top of the motion, Defendant Anthony Whyte's motion to dismiss for Sixth Amendment trial violations. And I know you point out that there's some reference to the Speedy Trial Act within the brief, but if you're a District Court judge, and that's why the District Court didn't address the Speedy Trial Act, right? I mean, why would a judge think you're also, a lawyer, not you, but a lawyer is also raising the Act when it's not even mentioned? Well, I think. We've been deprived of the District Court's reasoning, then, on that motion. Just because there's reference to the Act, judges would say, oh, they referenced the Act, they must have been making it, and the lawyer, when the judge's decision came down, didn't say, well, wait a second, we were raising the Act, too. So it's not a great record for us to decide that issue, and we have to look at it ourselves, right? There are multiple ways in which the record is not great. I would take issue, I think, with Your Honor's characterization that it's not, the Speedy Trial Act is not mentioned in that motion. I know you said it was mentioned, but just because something is mentioned, because a lot of things are mentioned in a brief, when the motion is styled Sixth Amendment trial violation, you know, no District Court is going to think that it's a Speedy Trial Act claim. The, I will note, Your Honor, at page three of that motion, the Speedy Trial Act is discussed in detail over several, of course. But anyway, I don't want you to spend all your time on that, but I do, let's just try to, because there are a lot of different breakdowns of time. I think, wouldn't you concede that once the pandemic started, that, I know your argument is, like, it should have never gotten to that point, that you should have got it before the pandemic started. But you would agree that once the pandemic started, all that time was properly excluded during the pandemic. Nobody was having trials during that time, right? Well, I want to distinguish between whether it's reasonable to hold a trial when the District Courts are not holding jury trials, which obviously it's not, and whether the District Court's orders excluding time were sufficient under this Court's precedence. There was a standard order, a standing order for everybody during the pandemic. There was. Yeah, so you're not challenging that standing order that he should have conducted a trial while there was a standing order, like we can't do trials because of the pandemic. Absolutely not, Your Honor. But that order, nothing in that order obviates the District Court, or the requirements of the District Court to make proper findings under the speeding trial act. Go back to the early time. Explain to me when the judge did not make a proper finding. Explain that to me. Well, we've challenged a number of findings, but the first, the first, which I. . . I think you're saying no finding at all, that there was no finding at all at some point, or not. Yes. September 26, 2019, the District Court continued jury selection from October, which was scheduled to begin on October 15th, and made no findings whatsoever. If you look at. . . I looked at that. So all the other defense lawyers other than your client put in a motion to adjourn the trial. They're not ready. Correct. The judge, sensitive to the speeding trial issues, asked the government to put in a letter in response, amplifying what the reasons are for the adjournment, correct? Correct, Your Honor. The judge adjourns the trial date from October 2, right? Another date. Correct. But before the time actually starts running again, the judge enters an order where he does explain all of the reasons, right? There was an order entered, but because the clock hadn't started running yet, because the trial, the previous trial date hadn't arrived yet. But before that date arrived, on that date I guess it was, on that date, he issued an order with all the reasons. And you're saying that that's not permissible? That's not preferable? Preferable would have happened at the same time of the adjournment, but gave the reasons before the clock started ticking again. Well, not before the clock started ticking again. Several days after. The trial date was scheduled to begin on October 15th. The order was October 17th. But in any case, this Court has repeatedly directed the district courts that when they continue to... We always say it's preferable, but you're suggesting that it's invalid, that we should not, that that time, therefore, is not excluded. We haven't said that. Actually, more recently in Hoskins, we said that, citing the Supreme Court in Zedner, we said that even though it's not preferable, it's permissible. Correct. This Court has never articulated a bright-line rule that requires contemporaneous findings, but this Court has, on occasion, in Tonneson and Kelly, found procedures like this to be insufficient to exclude time under the speedy trial act, and the Court has said... On the reasons themselves, how many defendants were in the case? Twenty-something in the beginning? Yes, in the beginning. Right. Every single defendant, except your client, wanted an adjournment, correct? That's correct. And you're saying that it was a speedy trial violation for the judge to determine that everybody else needed time to prepare and that there wasn't a sufficient basis, given the efficiencies of a joint trial, to give your client a severance. That really is what this case comes down to, right? If we don't agree with you on the pandemic timeframe. And also, he got a new lawyer, by the way, during the pandemic, right? So that... Yes. ...is obviously charged to him, right? When he asks for a new lawyer and the lawyer has to get up to speed, you're not suggesting that somehow that's charged to the government. It's chargeable to him under the Sixth Amendment analysis, Your Honor, but... Well, it's a reason for the delay under the Speedy Trial Act. Certainly. Okay. Certainly, but... Anyway, I see too many questions. Why isn't it reasonable for a judge to exclude the time when there's a twenty-something defending case and twenty lawyers are saying, there's so much discovery, we're not ready, and one defendant is saying, I'd like a trial sooner? So, again, I want to distinguish between whether it's reasonable and whether the court's findings were sufficient. We challenged the reasonableness of that particular continuance, suggesting that what the court did was invite the government prior to the decision to justify it and then adopt those findings wholesale without any further inquiry. But whether the findings themselves were insufficient, this Court said in Tunison that the problem that it had in Tunison was that the district court set a trial outside the speedy trial window without any factual findings or without even articulating the basis for the continuance. I understand the judge said that when he excluded the time from April to October of 2019, the six-month continuance is necessary to get counsel for co-defendant time to prepare in a complex multi-defendant case involving voluminous discovery. That's what judges say all the time when they're justifying their exclusion. What was insufficient about saying this is a complex multi-defendant case involving 20-something defendants and there's voluminous discovery? What else should the judge have said to justify that exclusion? Well, again, I return to the procedure, Your Honor. The court should have – what the court should have done was articulated its basis when it granted that continuance. As we sit here, there is no record. But I'm just trying to help here. I mean, and you are running on time, so I think the gap is why wasn't what Judge Bianco just said not an articulation of the reasoning? And what I – you mentioned that there were eight continuances. I'm wondering if there's any, like, low-lying fruit, one where we won't be quibbling over whether or not somebody gave a reason or didn't give a reason. What do you think are your best exemplars of a failure of process here or a failure to articulate the findings, the clearest, cleanest? September 26, 2019, procedurally improper. Okay, so we know that court is one of them. Yes. What's the – The court's orders in April and May of 2021, both of those orders. In each case, the district court effectively copied and pasted the same paragraph. Okay, and then you are asking us to find as a matter of law that the same reason is not sufficient to constitute an appropriate finding. Is that what you're asking us to hold here? I'm asking you to hold that those findings were insufficient to exclude time under the Speedy Trial Act. And, counsel, I just have a couple of questions on the timeline. I did a timeline of who requested what and when, and I may be wrong on this, so correct me if I'm wrong. The original trial date on April 19th, there was first the codependents moved for the six-month – there was an extension request of six months. Your client didn't object at that point. Do you agree to that? I don't know that he was given an opportunity to object, but, yes, that's correct. He did not object. Well, he stayed silent. Correct. Okay. And then on October 19th, when the trial was scheduled, the government moved to get cell phone records and the defendants, codependents, all agreed except your client. He objected at that point, correct? He did. And then I noticed that some of the motions, substantive motions he filed, were actually prior to the scheduled date. So some of the period you're complaining about, it's really only a five-month period, correct? Because he then files motions with the court sometime in March, right? Your own client moves, files substantive motions, and then on June 20th, he seeks new counsel. And then on November 20th, he moves again for another five-month extension because he wants his other counsel. So you agree those periods don't count? Well, again, I certainly agree that for the purposes of at least for the Sixth Amendment, those reasons for delay don't weigh in his favor. But for the purposes of the Speedy Trial Act, the question is really whether the district court's articulations were sufficient. And the district court did not assume your client raised that issue with the court. Correct. If we treat his reference in a brief by reference, it isn't even invoking it as an argument. He was just by comparison referring to it as invoking it. Your Honor, I know my time is up, but just briefly on the waiver, as I hear Your Honor invoking the waiver argument, the Speedy Trial Act requires only that a motion to dismiss be filed prior to trial referring to the act. It does not require a subjective analysis where we read between the lines and look and try to see if this argument is genuinely being raised under the Speedy Trial Act or it's being raised under the Sixth Amendment. There is not a case in this district or anywhere, as far as I'm aware, that requires that sort of subjective analysis. The act requires a motion to dismiss prior to trial. And Mr. White filed that. Any case around the country, any case in any federal court, that during the pandemic, when the pandemic started in March of 2020, through 2021, you know, we're still having issues about having trials, that court, notwithstanding a standing order of the judge, that was not sufficient to exclude the time of the Speedy Trial Act. You know, you said that she entered the same order, but because it was a pandemic, there was nothing else to say other than the pandemic is still going, right? What else is she going to say? I think that's certainly the case. So which case says that that period of time is not properly excluded? Which case in any federal court in America has said that? Again, Your Honor, I think while the – I looked. There's none. I'm not going to suggest to Your Honor – I was trying to put that time off the table, but you resisted, because, like, there's just no case that has ever found at that time. It becomes a speedy trial violation when there's a pandemic going on. But with your time, I just want to point it out. But thank you. Thank you, Your Honor. All right, we'll hear from the government. Good morning. May it please the Court. My name is Natasha Priesmith, and I represent the government in this appeal. This Court should affirm the judgment below for two reasons. There were no speedy trial issues, and the evidence was more than sufficient to support the guilty verdicts below, on all counts. First, with respect to waiver, the defendant here waived his right to appeal and seek relief. One of the things that I'm wondering is how you would have us articulate the rule for a speedy trial waiver. I mean, he did mention it, at least in passing, and he did specify that he wanted to dismiss, and he did mention that he wanted to go to trial. So when we're trying to write rules that are going to affect everybody in circumstances we haven't considered, how would we articulate the government's position on waiver? Thank you, Your Honor. To answer that question, I think what's important here is to note and recall the defendant was represented by counsel, so we are talking about a person who's represented by an attorney. And in terms of the waiver, he made arguments pertaining to the Sixth Amendment. And what is clear is the Sixth Amendment is a constitutional remedy. The Speedy Trial Act is a statutory remedy. I totally get all that. We are going to have to put words on a piece of paper, and those words are going to have an import. I'm asking what words do you think should be the rule that we create that would capture the scenario that we have in the way that the government thinks we should do? As the movement, as the person who's moving for relief, he is required to be specific, and he must articulate requested relief under the particular act. Here he did not do so. He referenced it as a general requirement for 70 days. And what is particularly, I know that one of the judges talked about how the title was only about the Sixth Amendment, but also if you go back and look at the government's opposition, the government references the Speedy Trial Act, about how there is no issue. And then in both of his replies to those oppositions, the defendant does not reference the Speedy Trial Act. Okay, so the rule is if they mention it, what's the rule? Like what would you be having us write? That he needs to specifically move under the Speedy Trial Act. And failing to, and when? At every status conference and every pretrial hearing? When he is moving for relief pursuant to it, otherwise it would be waiver. Every single time. It's not abandonment. It's not forfeiture. It's full-on waiver. Well, here the important distinctions would be the times when this case is moving. So each time the case is moving to a different date, if he wants to preserve his ability to argue that there is an issue under the Speedy Trial Act, he needs to articulate that. And the purpose for that is to develop. That's not correct. You're conflating two different issues. We're talking about the motion itself and whether you raised it in the motion and whether you waived it for purposes of appeal. That's what I was talking about. What you're talking about and what Judge Perez just raised is whether or not you have to object at every conference in order to preserve the Speedy Trial Act violation. And you know the law is a defendant does not have to say anything, could stay silent, and the clock under the Act could run and he could make a motion under the Act and it's fine. Right? You understand that. Provided he does so before he pleads or before the trial. Right. So he doesn't have to raise it in order to avoid waiving. He doesn't have to raise it at every conference. That's a consideration under the Sixth Amendment analysis of whether he demanded a Speedy Trial Act. But that's not the waiver we're talking about. Correct. What he has to do is he has to be specific about what he is challenging. And here the defendant did not do that. And his motion to dismiss. Right? Correct. Okay. And here, I mean, this Court in Hawley said that failure to specify a particular timeframe that was being objected to under the Speedy Trial Act accounted waiver for challenging that specific period. The reason the statutory requirement has the waiver portion is because Congress did not intend for a defendant to be able to sit silent and wait until the very end. It's hard for me to understand the discovery issues. You know, the discovery apparently was voluminous. I have no doubt given how many defendants were involved here. But they're raising this issue that the defendant could get access into the jail. And that shouldn't be then a reason for a continuance under the Speedy Trial Act under the Sixth Amendment. That should be charged to the government if he can't review the discovery in the  Can you address that? Yes, Your Honor. So just a couple points. The case did involve 24 defendants. It was a complex, multi-defendant case involving a wiretap conspiracy. Many of the defendants were detained. They were all represented by counsel. Some of the defendants were detained at a facility that did have access to electronic discovery materials, including Mr. White. The district court did develop and address the concerns pertaining to discovery issues. And each time, the district court found that there was no problem with the discovery issues in terms of what was provided and what was accessible to him. The district court, contrary to the defendant's representations Why is there no problem in that facility if there's electronic intercepts? A defendant can review them any time he wants. Is that what you're saying? Yes, he can make an appointment. And he can go and see A lot of times, the issue is they can't get enough time. The jail only lets a certain number of inmates. There's only a certain number of space. And they get one hour a week, and it's not enough time. They may happen in some cases, Your Honor. But there's nothing in the record here that shows that it happened in this case. That wasn't the complaint? That was not the complaint. The complaint was about a preference, and the complaint was about waiting for computers at Wyatt that would be more capable of opening some of the more complicated discovery materials, including cell phone extractions and poll camera video. What I'm referencing is the government had filed status reports pertaining to discovery. If we look at Government Appendix 536, a status report that I filed on the 11th of February of 2020, I'm pushing back about professed discovery issues. The defendant then replies, and the district court holds a status conference. All of that is developed in the record. The district court certainly did not ignore the concerns. They were addressed, and they did not have merit. So can you address, after discussing this with Mr. Pugh, there is one occasion where the district court did not make a contemporaneous finding. In fact, there was no conference. It was just on paper, and it was a six-month interment. You would agree that that's not what we say is the preferred practice, right? Well, here, I believe, so just for clarification, I believe Attorney Pugh had said that the written order came out on the 17th of October. It was actually the 16th of October, and as Your Honor indicated, the prior order had covered the jury selection until the 15th of October. So we're talking about a single day. The docket entry that came after the discussions and multiple filings and status conference was issued on September 26th of 2019. And in that docket entry, the district court made very clear that she was continuing the case for all the reasons that were discussed prior to that decision and that she would issue a decision later. She incorporated that later written decision by that reference. The cases that the defendant cites for the idea of the docket entry didn't say quite what you said. It was implied that it was for all the reasons. It just said that I'll give my reasons later. You know, it's adjourned. It didn't talk about the speedy trial clock. It didn't say time excluded. She certainly did not talk about the speedy trial clock. She did not say it was excluded, but she did say it was based upon the motion that had been filed by Defendant Gordon, which had requested more time for discovery and things of that nature. But to answer the Court's question in terms of this period that went until October 15th of 2019 and then was continued into May of the following year, the district court did make the appropriate findings when they issued the written decision on the 16th of October. And the cases that are cited by the defendant do not support the position that somehow the subsequent articulation is insufficient. This Court in Brennan articulated Tunson and said that it did not require to be contemporaneous findings. What's important is there has to be some basis in the record for believing at the time the continuance happened. It was the Court's intended purpose to move the case for an interest of justice continuance. The cases that the defendant cites, the idea that the non-protunct going backwards does not work, are all cases where the original continuance or the new date was set for something that clearly had nothing to do with an interest of justice. For instance, a miscalculation of a proper date or a defendant's schedule. And or in, he cites a Ninth Circuit case, Fray. There were no findings made there until after remand. This is a very different case, including that the finding that actually happened on the 16th of October is within the 70-day period, making it very distinguishable from some of the other cases where the finding actually occurs after the speedy trial clock has already run and there was no indication that the district court had been considering a speedy trial act concern. Here, the district court made very clear that she had considered that. Her written decision does a speedy trial clock analysis, and she has a very thorough decision as to why she thought it was necessary to move the case forward. Again, as this Court has indicated, Mr. White was the only defendant who was ready for the trial at that time. Moving to the Sixth Amendment challenge, what I will say there is that aside from 12 months, that time period all involved the COVID pandemic. There are multiple continuances, and the 31-month delay here was not unreasonable given the context of the case and the complicated case. I see I am out of time. If there are no further questions, we would ask that the Court affirm the judgment below. Thank you. All right, thank you. All right, Mr. Peer, you have two minutes in rebar. Your Honor, the government cites, as they did in their brief, United States v. Hawley for the proposition in support of the waiver argument, and cites one particular line in Hawley which says that a defendant has to object to each particular period of continuance. The issue in Hawley was not anything like the issue here. The issue in Hawley was whether a defendant could effectively decline to raise speedy trial challenges that were available to him in the district court and then raise them for the first time. The answer, the Court answered that question in the negative. That's not what was at issue here, and so Your Honor's question, does a defendant have to move to dismiss every time a case is continued and exclusions are made, the answer to that question is no, and Hawley does not, is not contrary to that. So on the waiver issue, Hawley does not support waiver in this case. As for contemporaneous findings, the cases in which this Court has found that non-contemporaneous findings are sufficient, because as I noted, there is no bright-line rule, but the cases where this Court has found those sufficient is where cases like United States v. Breen, where the court has said everyone knew what the district court was doing at the time it continued the case, and it either made some sort of record, had a colloquy. Everybody knew at the time the clock started ticking again on October 16th. Everybody knew the reasons. Correct, but not at the time of the continuance. I know, but the reason for that contemporaneous rule is that someone will be able to raise it. Clearly, there was an opportunity to raise it. We have the reasons now. The clock is now starting. His lawyer could then challenge it based on that, and that the judge a year later doesn't post hoc give the reasons when the clock has already expired. It's a nominal situation where the clock expired, and the judge is like, here were my ten reasons, even though I didn't say any of them. The clock hadn't even started ticking again, and the judge gave the reasons. So it doesn't even implicate the concerns of the contemporaneous requirement, or the requirement preference, I should say. I see my time is up. The concerns, one of the main concerns articulated by the Court in Tonneson about the contemporaneous requirement was the development of an adequate record. Is that an overread, though? I mean, I think the most pertinent part of Tonneson is that we don't want to contain a risk that the district judge, in a particular case, rationalized the effort long after the fact to cure an unwitting violation of the act. I mean, the bigger question, I think, is whether or not the explanation that was provided, whether it be this is complex and everybody else wants it, or whether we've got to deal with COVID, whether or not that, as a matter of law, is sufficient for the findings. And what I'm hoping before you'll slow down is you'll articulate for me what you think we need to expect of district courts. They can always say more, but why wasn't that enough? On that particular occasion, the September 26th and then October 16th order, it was not an ends of justice order as to Mr. White. It was decided actually under subsection H6, which excludes a reasonable period of time when a co-defendant is joined whose speedy trial clock has not run. And what the district court did in that case, in that instance, was invite the government to explain why it hadn't indicted another person until two months before trial and why certain discovery issues were outstanding. And then the district court then just adopted those arguments without any sort of further factual inquiry. So is the rule you would have us create you must write X in the face of a government explanation that I find persuasive? I mean, I think you're not arguing that nothing was said. You're arguing a flavor of if it was improper to invite, you keep using the word invite, to have the government, which is a party in the issue, explain it. And then there's this flavor of what they said wasn't enough. And what I'm asking you is because we need to be creating guidance for courts so that people know what is enough, how are we going to articulate what you think is enough and what was missing in this case? Well, first things first, as this Court has already articulated many times over the course of decades, the Court has and should continue to articulate that contemporaneous findings are preferred. Got it. That's not an issue. You don't have to worry about us issuing an opinion saying we're overruling by ourselves the preference. Okay? So now tell me what is the rule that would protect your client that you think that we should adopt that was not met here? The rule that the Court should adopt is the rule that the Court has already adopted and which the Speedy Trial Act provides for affirmative and specific factual findings. And you are saying why isn't the other people are not ready? Why isn't that affirmative and specific? That is affirmative and specific. That's not the basis under which the Court continued the case as to Mr. White. At least that's not the way the Court explained it. The way the Court explained it was by reference to subsection H-6, which excludes reasonable or delays reasonably attributed to a co-defendant who's joined without, whose speedy trial clock has not run. And in this case, the government indicted another person two months before trial, and the Court did not conduct any inquiry really into that. It asked for the government's position. The government said this guy was part of another indictment in some other jurisdiction, and so we didn't indict him for that reason, and the Court said okay. Thank you. All right. Thank you very much. Thank you. This is our decision. Have a good day.